FILED

NOT FOR PUBLICATION

NOV 28 2018

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| PARDEEP SINGH, | No.    16-71107 |
| Petitioner, | Agency No. A200-989-088 |
| v. | |
| MATTHEW G. WHITAKER, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 13, 2018
San Francisco, California

Before:  FISHER and M. SMITH, Circuit Judges, and BUCKLO, District Judge.**

Pardeep Singh petitions for review of a decision by the Board of

Immigration Appeals denying his applications for asylum, withholding of removal,

humanitarian asylum and protection under the Convention Against Torture (CAT).

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The Honorable Elaine E. Bucklo, United States District Judge for the Northern District of Illinois, sitting by designation.

We have jurisdiction under 8 U.S.C. § 1252, and we grant in part and deny in part Singh's petition.

1.     We lack jurisdiction to review the denial of Singh's claims for asylum and withholding of removal because Singh has not "exhausted all administrative remedies available." 8 U.S.C. § 1252(d)(1). Singh argues the Board erred by failing to analyze whether he could safely and reasonably relocate within India, given his intention to engage in political activity. Because he did not present this argument in the administrative proceedings, we cannot consider it. *See Figueroa v. Mukasey*, 543 F.3d 487, 492 (9th Cir. 2008).

2.     The Board did not abuse its discretion in denying Singh humanitarian asylum because he failed to demonstrate sufficiently severe past persecution. *See Vongsakdy v. INS*, 171 F.3d 1203, 1205 (9th Cir. 1999). Nor did the Board abuse its discretion in providing a brief explanation for denying relief. The Board's decision enables us to determine that it heard, considered and decided the humanitarian asylum claim. *See Marcu v. INS*, 147 F.3d 1078, 1082-83 (9th Cir. 1998).

3.     Finally, the government argues Singh did not exhaust his CAT claim because it was insufficiently presented to the Board. But Singh raised the claim in the title page, introduction and conclusion of his appellate brief and presented

argument in the brief that supported the claim. This was sufficient for exhaustion. *See Figueroa*, 543 F.3d at 492. Because the Board concluded Singh had not appealed the CAT claim, it did not consider whether Singh had established it was more likely than not he would be tortured if returned to India. *See* 8 C.F.R. § 1208.16(c)(2). We remand to the Board to make this determination in the first instance. *See INS v. Ventura*, 537 U.S. 12, 16-17 (2002).

Each party shall bear its own costs on appeal.

**PETITION DENIED in part; GRANTED in part; REMANDED**.